# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

JAMES LYNN O'HINES,
CDCR #K-86989,
ADC #197067,

Plaintiff,

vs.

JAFFE, INC.;
K.S. COUNTRYMAN;
LARRY HISSONG,

Defendants.

Civil No. 08-0762 LAB (RBB)

**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)**

Plaintiff, an inmate currently incarcerated at the Arizona State Prison Complex in Florence, Arizona,[1] and proceeding pro se, has filed a civil action which he has entitled as a Petition for Coram Nobis, among other things.[2] While Plaintiff's Complaint is virtually incomprehensible, he claims to be a "Seminole Indian-white of mixed bloods" who seeks

[1] The Court notes that Plaintiff was formerly a California state inmate. It is unclear whether he is currently a California state inmate housed temporarily in Arizona, or whether he is now serving an Arizona prison sentence.

[2] Plaintiff invokes jurisdiction pursuant to 28 U.S.C. § 1655 (governing lien enforcement actions), 28 U.S.C. § 1332 (diversity of citizenship), 28 U.S.C. § 1651-1652 (All Writs Act), and "Title III Omnibus Crime Control and Safe Streets Act of 1968 as amended by Title I of the 1986 Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2520." (Compl. at 1.)

"conversion of custody ... to a federal agency" and "compensatory punitive damages" based on allegations that his "custody [and] supervision in Arizona obstructs due process and denies equal protection ... by discriminatory affirmative action reverse racial supervision by minorities." (Compl. at 1, 4.)

**I.**

**Failure to Pay Filing Fee or Request IFP Status**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Here, Plaintiff has neither prepaid the $350 filing fee required to commence a civil action, nor has submitted a Motion to Proceed IFP. Therefore, this case is subject to immediate dismissal pursuant to 28 U.S.C. § 1914(a).

**III.**

**Conclusion and Order**

For the reasons set forth above, the Court hereby:

(1) **DISMISSES** this action sua sponte without prejudice for failing to pay the $350 filing fee or file a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

(2) **GRANTS** Plaintiff **forty five (45)** days leave from the date this Order is "Filed" to: (a) prepay the entire $350 civil filing fee in full; ***or*** (b) complete and file a Motion to proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b).[3]

---

[3] Plaintiff is cautioned that if he chooses to proceed further with this action either by paying the full civil filing fee required by 28 U.S.C. § 1914(a), or moving to proceed IFP, his patently frivolous Complaint will be subject to the mandatory screening and sua sponte dismissal provisions of 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(b). *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with the Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If Plaintiff fails to either prepay the $350 civil filing fee or complete and submit the enclosed Motion to Proceed IFP within that time, this action shall remain dismissed without prejudice and without further Order of the Court.

DATED: May 5, 2008

HONORABLE LARRY ALAN BURNS
United States District Judge

---

dismiss an *in forma pauperis* complaint that fails to state a claim); *see also Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (discussing sua sponte screening required by 28 U.S.C.§ 1915A(b)). Moreover, such a dismissal may be counted as a "strike" against Plaintiff if he requests IFP status in any future civil action filed while he is incarcerated. *See Andrews*, 493 F.3d at 1052 (under the Prison Litigation Reform Act, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]").